Derik N. Lewis, SBN 219981
**VANTIS LAW FIRM, APC**
120 Vantis, Suite 300
Aliso Viejo, California 92656
Telephone: (949) 216-0935
Facsimile: (949) 296-0935

Attorney for Debtors
LINDA EILEEN ROSE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>LINDA EILEEN ROSE,<br>                *Debtor*. | CASE NO. 8:18-bk-13525-MW<br><br>CHAPTER 7<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDA EILEEN ROSE IN SUPPORT THEREOF**<br><br>[11 U.S.C. §554(b); FRBP 6007(a)]<br><br>(NO HEARING REQUIRED) |

**TO THE HONORABLE MARK S. WALLACE, THE CHAPTER 7 TRUSTEE JEFFREY I. GOLDEN, THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** LINDA EILEEN ROSE (*"Debtor"*) is filing a Motion to Compel Abandonment of Property by Trustee under 11 U.S.C. §554(b). The Motion is based on this Notice, the Memorandum of Points and Authorities, and the Declaration of Linda Eileen Rose in support thereof filed herewith and on all pleadings and records on file in this case.

---

**DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL
ABANDONMENT OF PROPERTY BY TRUSTEE**

1       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o),
2 any party objecting to the Motion may request a hearing on the Motion. The deadline for filing and
3 serving a written opposition and request for a hearing is 14 days after the date of service of this
4 Notice, plus an additional 3 days unless the Notice of Motion was served by personal delivery or
5 posting as described in F.R.Civ.P. 5(b)(2)(A)-(B). If you fail to comply with this deadline, the
6 Court may treat such failure as a waiver of your right to oppose the Motion and may grant the
7 Motion without further hearing and Notice.

8       **WHEREFORE**, the Debtor respectfully requests that the Court grant Debtor's Motion to
9 Compel Abandonment of Property by Trustee under 11 U.S.C. §554(b).

11 DATED: December 12, 2018                                          **VANTIS LAW FIRM, APC**

13                                                       By: _____
14                                                            Derik N. Lewis
                                                           Attorney for Debtor

---

**DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL
ABANDONMENT OF PROPERTY BY TRUSTEE**

**TABLE OF CONTENTS**

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I. INTRODUCTION ...................................................................................................................... 1

II. LEGAL ARGUMENT ............................................................................................................... 1

    A.    THIS COURT HAS POWER TO COMPEL ABANDONMENT ............................. 1

    B.    THE RESIDENCE IS OF INCONSEQUENTIAL VALUE TO THE ESTATE ................................................................................................................... 2

    C.    PROPOSED SALE OF THE RESIDENCE WOULD BE IMPROPER IN THE CASE AT HAND ......................................................................................... 3

III. CONCLUSION ......................................................................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

LINDA EILEEN ROSE (*"Debtor"*) is the owner of the real property located at 1508 Via Tulipan St, San Clemente, California 92673, APN 680-551-37. (the *"Residence"*). (*See* Declaration of Linda Eileen Rose in Support (*"Rose Decl."*) ¶ 2). Debtor filed for Chapter 7 bankruptcy on September 24, 2018. (Rose Decl., ¶ 2, Ex. 1, Docket (the *"Docket"*) for case number **8:18-bk-13525-MW**). Jeffrey I. Golden was appointed as the Chapter 7 Trustee (*"Trustee"*). The Residence was included in Debtor's schedules and is currently property of the estate. (Rose Decl., ¶ 2, Docket Item #1).

By this Motion to Compel Abandonment of Property (this *"Motion"*), Debtor seeks the Court for an Order to compel abandonment of Residence by the Trustee on the grounds that the Residence is of inconsequential value to the estate. Debtor has complied with Local Bankruptcy Rule 9013-1(o)(1) and, concurrently with the filing hereof, Debtor provided Trustee, the creditors and all parties in interest with notice of this Motion.

## II. LEGAL ARGUMENT

### A. THIS COURT HAS POWER TO COMPEL ABANDONMENT

The law is clear that property which is of inconsequential value and benefit to the estate may be abandoned under § 554(a) of the Bankruptcy Code. *See* 11 U.S.C. § 554(a); *In re Johnston*, 49 F.3d 538, 539-40 (9th Cir. 1995). Section 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is […] of inconsequential value and benefit to the estate." *See* 11 U.S.C. § 554(b); *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.),* 816 F.2d 238, 245 (6th Cir.1987); *In re Viet Vu*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000).

Upon abandonment, the property reverts to the party holding a possessory interest or to the Debtor, and the property interest is restored nunc pro tunc as of the filing of the bankruptcy petition. *In re Kreisel*, 399 B.R. 679, 687 (BC CDCA 2008); *Catalano v. Commissioner of Internal Revenue Service*, 279 F.3d 682, 685 (9th Cir.2002).

///

**B.    THE RESIDENCE IS OF INCONSEQUENTIAL VALUE TO THE ESTATE**

An asset is considered to be of "inconsequential value if its *sale would generate nothing for unsecured creditors*." *In re Zamora*, No. 10-53496, 2016 WL 617194, at *1 (Bankr. N.D. Cal. Feb. 16, 2016) (emphasis added); *See also In re Pauline,* 119 B.R. 727, 728 (9th Cir. BAP 1990); *In re Bolden,* 327 B.R. 657, 668 (Bkrtcy.C.D.Cal.2005).

Debtor received an exterior appraisal of the Residence which indicates a value of **$870,000** without taking into consideration any deferred maintenance or disrepair of the Residence. (Rose Decl., ¶ 3, Ex. 2). Based upon Debtor's personal knowledge of the condition of the Residence and of recent sales of other comparable homes in the community, Debtor believes and declares that the market value of the Residence is **$850,000**. (Rose Decl., ¶ 4).

The Residence is encumbered by the following secured liens: (Rose Decl., ¶ 5, Ex. 3)

1. A deed of trust currently held by DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE MLMI TRUST SERIES 2005-AR1 with an outstanding balance of **$970,210.70**. (*See* Rose Decl., ¶ 5, Ex. 4);

2. A deed of trust to secure an original indebtedness of $30,000.00 (the "Junior Mortgage") recorded on June 12, 2007 as instrument number 2007000372147 in the Official Records of Orange County by WORLD SAVINGS BANK, FSB, A FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES. (*See* Rose Decl., ¶ 5, Ex. 5).;

3. A homeowners' association assessment lien held by RANCHO DEL RIO MASTER ASSOCIATION in an amount no less than **$8,583.94**. (*See* Rose Decl., ¶ 6, Ex. 6).;

4. A homeowners' association assessment lien held by FLORA VISTA SUBASSOCIATION in an amount no less than **$4,424.99**. (*See* Rose Decl., ¶ 7, Ex. 7).

In addition to the secured liens above, any sale of the Residence must account for real estate commissions and closing costs in the amount of 8% of the sales price, unknown trustee's fees, and an unknown per-diem accrual on the senior secured mortgage payoff. (*See* Rose Decl., ¶ 8). Subtracting the above listed items from the value of the Residence results in the following calculation:

| | |
|---|---:|
| Home Value: | $870,000.00 |
| Less: Closing costs and commissions (8%) | - $69,600.00 |
| Less: Trustee's Fees and Costs | -$ unknown |
| Less: Senior Mortgage Balance | - $970,210.70 |

| | |
|---|---:|
| Less: Second Lien Balance | - $30,000.00 |
| Less: Homeowners Association Lien | - $8,583.94 |
| Less: Homeowners Association Lien | - $4,424.99 |
| Less: 120 days per diem (listing, sale and closing) | -$ unknown |
| Remaining for unsecured creditors: (NEGATIVE) | $<182,819.63> |

Any proposed sale of the Residence would result in no proceeds being paid to unsecured creditors. Therefore, the Residence is of "inconsequential value" to the estate as it would "generate nothing for unsecured creditors." *In re Zamora*, 2016 WL 617194, at *1; *In re Pauline,* 119 B.R. at 728; *In re Bolden,* 327 B.R. at 668.

C. **PROPOSED SALE OF THE RESIDENCE WOULD BE IMPROPER IN THE CASE AT HAND**

It is considered improper for a chapter 7 trustee to liquidate an asset that will not generate proceeds for unsecured creditors. *In re KVN Corp., Inc.*, 514 B.R. 1, 5 (B.A.P. 9th Cir. 2014) (It is "universally recognized, however, that the sale of a fully encumbered asset is generally prohibited."); *Carey v. Pauline (In re Pauline),* 119 B.R. 727, 728 (B.A.P. 9th Cir. 1990); *In re Scimeca Found., Inc.,* 497 B.R. 753, 781 (Bankr.E.D.Pa.2013) ("It is generally recognized that a chapter 7 trustee should not liquidate fully encumbered assets, for such action yields no benefit to unsecured creditors."); *In re Feinstein Family P'ship,* 247 B.R. 502, 507 (Bankr.M.D.Fla.2000) ("Clearly, the Code never contemplated that a Chapter 7 trustee should act as a liquidating agent for secured creditors who should liquidate their own collateral.").

The prohibition against the sale of fully encumbered property is also embedded in the official Handbook for Chapter 7 Trustees:

> [A] trustee should not sell property subject to a security interest *unless the sale generates funds for the benefit of unsecured creditors*. A secured creditor can protect its own interests in the collateral subject to the security interest.
>
> [¶]
> Accordingly, the trustee must consider whether sufficient funds will be generated to *make a meaningful distribution to unsecured creditors* … before administering a case as an asset case. 28 U.S.C. § 586.

U.S. DOJ Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees at 4–16 (2012) (the *"Trustee Handbook"*) (emphasis added).

In the case at hand, *"the trustee's proper function is to abandon the property, not administer it, because the sale would yield no benefit to unsecured creditors."* In re KVN Corp., Inc., 514 B.R. 1, 5-6 (B.A.P. 9th Cir. 2014) (emphasis added). The official Handbook for Chapter 7 Trustees provides further support for an *"immediate abandonment"* of the Residence:

> In asset cases, when the property is fully encumbered and of nominal value to the estate, **the trustee must immediately abandon the asset** and contact the secured creditor immediately so that the secured creditor can obtain insurance or otherwise protect its own interest in the property. [§§] 554, 704.

Trustee Handbook, at 4–7. (emphasis added).

In fact, "the principle of abandonment was developed [...] to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit *unsecured* creditors of the estate." In re Pauline, 119 B.R. at 728; see also In re K.C. Mach. & Tool Co., 816 F.2d at 246 ("[I]n enacting § 554, Congress was aware of the claim that formerly some trustees took burdensome or valueless property into the estate and sold it in order to increase their commissions.").

### III. CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court grant Debtor's Motion to Compel Abandonment of Property by Trustee under 11 U.S.C. §554(b) and thereby order the Chapter 7 Trustee to abandon the Residence located at 8157 White Oak Ave, Reseda, California 91335, APN 2101-001-008, and for such other and further relief as the Court deems just.

DATED: December 12, 2018

Respectfully submitted,
**VANTIS LAW FIRM, APC**

By: _____
Derik N. Lewis
Attorney for Debtors

## DECLARATION OF LINDA EILEEN ROSE

I, LINDA EILEEN ROSE, declare as follows:

1. The following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of the statement below.

2. I am the Debtor in the Chapter 7 bankruptcy case number 8:18-bk-13525-MW. I am the owner of the real property located at 1508 Via Tulipan St, San Clemente, California 92673, APN 680-551-37 (the *"Residence"*). I filed for Chapter 7 bankruptcy on September 24, 2018. I listed the Residence and the associated mortgages on the schedules in my bankruptcy case. Attached as **Exhibit "1"** is a true and correct copy of the docket for my bankruptcy case (the "Docket").

3. I received an exterior appraisal of the Residence which indicates a value, of $870,000 without taking into consideration any deferred maintenance or disrepair of the Residence. A true and correct copy of the appraisal is attached hereto as **Exhibit "2"**.

4. Based upon my personal knowledge of the condition of the Residence and of recent sales of other comparable homes in the community, I believe the market value of the Residence is $850,000.

5. I received a title report from First American Title Company which indicated the liens listed below. A true and correct copy of the title report is attached hereto as **Exhibit "3"**.

   a. A deed of trust currently held by DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE MLMI TRUST SERIES 2005-AR1 with an outstanding balance of **$970,210.70** (the *"Senior Mortgage"*). Attached hereto as **Exhibit "4"** is a true and correct copy of the Notice of Trustee's Sale for the Senior Mortgage dated April 30, 2018 which evidences the current outstanding amount on the mortgage of **$970,210.70**.;

   b. A deed of trust to secure an original indebtedness of **$30,000.00** (the "Junior Mortgage") recorded on June 12, 2007 as instrument number 2007000372147 in the Official Records of Orange County by WORLD SAVINGS BANK, FSB, A FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES. Attached hereto as **Exhibit "5"** is a true and correct copy of the Deed of Trust for the Junior Mortgage in the original principal amount of **$30,000.00**.;

   c. A homeowners' association assessment lien held by RANCHO DEL RIO MASTER ASSOCIATION in an amount no less than **$8,583.94**.;

    d.    A homeowners' association assessment lien held by FLORA VISTA SUBASSOCIATION in an amount no less than $4,424.99.

6. I received a payoff statement from Rancho Del Rio Master Association indicating an outstanding balance of $8,583.94. A true and correct copy of the payoff letter is attached hereto as **Exhibit "6"**.

7. I received a payoff statement from Maria Nenci Patino indicating an outstanding balance of $4,424.99. A true and correct copy of the payoff letter is attached hereto as **Exhibit "7"**.

8. If the Residence were to be sold, the Residence will have the burdens upon sale of real estate commissions and closing costs in the amount of 8% of the sales price, unknown trustee's fees, and unknown per-diem accrual on the senior secured mortgage payoff.

9. I respectfully request that this Court grant my Motion to Compel Abandonment of Property by Trustee in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on December 12, 2018 at San Clemente, California.

*Linda Eileen Rose*
LINDA EILEEN ROSE
12/12/2018

| In re:<br>**Linda Eileen Rose**<br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **8:18-bk-13525-MW** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**120 Vantis, Suite 300**
**Aliso Viejo, CA 92656**

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDA EILEEN ROSE IN SUPPORT THEREOF**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On  **January 9, 2019**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **January 9, 2019**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **January 9, 2019**  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **January 9, 2019** | Eva J. Sieg | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

VANTIS LAW FIRM

1

**SERVICE LIST**

**VIA NOTICE OF ELECTRONIC FILING (NEF)**
- Derik N Dane W Exnowski on behalf of Creditor Wells Fargo Bank, N.A. (dane.exnowski@mcalla.com, bk.ca@mcalla.com)
- Jeffrey I Golden (TR) (lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com; lfisk@wgllp.com)
- Derik N Lewis on behalf of Debtor Linda Eileen Rose (dlewis@vantislaw.com, esieg@vantislaw.com, vantislaw@ecf.courtdrive.com)
- Valerie Smith on behalf of Interested Party Courtesy NEF (claims@recoverycorp.com)
- United States Trustee (SA) (ustpregion16.sa.ecf@usdoj.gov)

**DEBTOR VIA REGULAR MAIL**
Linda Eileen Rose
1508 Via Tulipan St
San Clemente, CA 92673

**JUDGE'S COPY VIA REGULAR MAIL:**
The Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 6C
Santa Ana, CA 92701-4593

**VIA REGULAR MAIL**

Community Legal Advisors, Inc.
509 N. Coast Highway
Oceanside, CA 92054

Cox Communications
PO Box 1259
Oaks, PA 19456

Feldsott Lee Pagano & Canfield
23161 Mill Creek Drive, Suite 300
Laguna Hills, CA 92653

Fidelity Creditor Service
Attn: Bankruptcy
441 North Varney Street
Burbank, CA 91502

Flora Vista Subassociation
2603 Main Street, Suite 500
Irvine, CA 92614

Internal Revenue Service
P.O. Box 24017, Stop 76101
Fresno, CA 93779-4017

Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541

Rancho Del Rio Master Association
2603 Main Street 500
Irvine, CA 92614

Riverwalk Holdings, Ltd
500 Summit Lake Dr Ste 400
Valhalla, KY 40595

San Clemente Water
City Halll Cashier
100 Avenida Presidio
San Clemente, CA 92672

San Diego Gas & Electric
PO Box 25111
Santa Ana, CA 92799-5111

Wells Fargo Home Mortgage
1 Home Campus
Des Moines, IA 50328

VANTIS LAW FIRM

2